**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN | RASK
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 412-6725
Fax: (503) 221-1074
        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, TRUSTEES OF THE CONTRACT ADMINISTRATION FUND, TRUSTEES OF THE WALL AND CEILING INDUSTRY PROMOTION FUND and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>        Plaintiffs,<br><br>    v.<br><br>BRAND ENERGY SERVICES, LLC,<br><br>        Defendant. | Civil No. _____<br><br><br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Plaintiffs allege:

# I

## THE PARTIES

1. Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund), the Walls and Ceiling Industry Promotion Fund (Promotion Fund), the Contract Administration Fund (Contract Fund) (collectively, "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2. The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Trust Funds, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund have discretionary authority and control over the management of those Trust Funds, and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

/// ///

//// ///

3. The Union is a labor organization with its principal office and place of business in SeaTac, Washington. The Union is the successor to the Pacific Northwest District Council of Carpenters.

4. The Promotion Fund and Contract Fund are trust funds created pursuant to trust agreements. The Promotion Fund and Contract Fund are governed by boards of trustees.

5. Defendant is a Delaware limited liability company registered to conduct business in Oregon. At all times material to this proceeding (February 2013 through December 2015), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

II

JURISDICTION

6. The Court has jurisdiction over the First and Second Claims for Relief brought by the Trustees of the Trust Funds against defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

7. At all times material to this proceeding (February 2013 through December 2015), a written collective bargaining agreement existed between the Union and defendant. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendant affected commerce. The Court has jurisdiction over all Claim for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

///   ///

### III

### JOINDER

8. The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each plaintiff has against defendant.

### IV

### FIRST CLAIM FOR RELIEF

9. At all times material to this proceeding (February 2013 through December 2015), defendant has been bound by a written collective bargaining agreement ("CBA") with the Union. Under the terms of the CBA, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the CBA to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed by its employees.

10. The Trust Agreements that created the Trust Funds provide that the Trustees for each Trust Fund have the right to require an employer to promptly furnish them with payroll records, information, data, reports and other documents reasonably relevant to and suitable for the administration of the Trust Funds. The Trustees of the Trust Funds have requested that defendant make its payroll books and records available to an auditor retained by them in order to determine whether defendant has paid all required fringe benefit contributions to the Trust Funds

///   ///

for its employees who performed work covered by the CBA for the time period from January 1, 2015, through December 31, 2015.

11.     Defendant has failed to cooperate and grant the auditor retained by the Trustees for the Trust Funds access to all of its payroll books and records that are necessary in order to determine whether defendant has paid all required fringe benefit contributions for its employees who performed work covered by the CBA during the period of January 1, 2015, through December 31, 2015.  This action by defendant constitutes a breach of its CBA and a violation of the Trust Agreements that created the Trust Funds.

12.     Defendant should be required to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all required fringe benefit contributions have been paid for defendant's employees who performed work covered by the CBA from January 1, 2015, through December 31, 2015.

13.     The Trustees of the Trust Funds have no plain, speedy or adequate remedy at law.

14.     The Trust Agreements that created the Trust Funds provide that they are entitled to recover reasonable attorney fees from an employer such as defendant when litigation is necessary to require an employer to comply with the employer's obligations under the Trust Agreements.  Defendant should be required to pay the Trust Funds' reasonable attorney fees for the time spent compelling the payroll examination of its books and records.

15.     The Trustees of the Trust Funds are also entitled to recover reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

///     ///

///     ///

V

**SECOND CLAIM FOR RELIEF**

16. The Trustees of the Health Fund, Vacation Fund, Local Training Fund and Pension Fund reallege and hereby incorporate by reference paragraphs 1 through 15 of their complaint as though fully set forth herein.

17. Defendant failed to timely pay its fringe benefit contributions and union dues for the work month of February 2013.  As a result thereof, defendant owes $266.45 in interest to the Trustees of the Health Fund, Vacation Fund, Local Training Fund and Pension Fund.

18. The Trustees of the Health Fund, Vacation Fund, Local Training Fund and Pension Fund are entitled to recover a reasonable attorneys' fee from defendant pursuant to the terms of the Trust Agreements that created those Trust Funds, and pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA, including $112.50 in pre-litigation attorney fees.

VI

**THIRD CLAIM FOR RELIEF**

19. Plaintiffs reallege and hereby incorporate by reference paragraphs 1 through 18 of their complaint as though fully set forth herein.

20. As a result of the late payment set forth in paragraph 17, above, defendant owes $15.90 in interest to the Union and $450.24 in liquidated damages to the Trustees of the Trust Funds.

21. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant pursuant to the terms of the Trust Agreements that created the Trust Funds, including $112.50 in pre-litigation attorney fees.

///   ///

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1. On the **First Claim for Relief**, requiring defendant to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all required fringe benefit contributions have been paid for defendant's employees who performed work covered by the CBA from January 1, 2015, through December 31, 2015;

2. On the **Second Claim for Relief**, requiring defendant to pay $266.45 in interest to the Trustees of the Health Fund, Vacation Fund, Local Training Fund and Pension Fund;

3. On the **Third Claim for Relief**, requiring defendant to pay $15.90 in interest to the Union and $450.24 in liquidated damages to the Trustees of the Trust Funds;

4. Providing that Plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

5. Requiring defendant to pay the Trust Funds' reasonable attorney fees, including $112.50 in pre-litigation attorney fees;

///   ///

///   ///

///   ///

6.  Requiring defendant to pay plaintiffs' costs and disbursements incurred herein; and

7.  For such further equitable relief as the Court deems just and proper.

DATED this 10th day of November 2017.

                                             **BROWNSTEIN | RASK, LLP**

                                             /s/ Cary R. Cadonau
                                             Cary R. Cadonau, OSB #002245
                                             Of Attorneys for Plaintiffs